UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN CAPE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-00740-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH LIMITED LEAVE TO AMEND**<br><br>Re: Dkt. No. 15 |

Plaintiff Justin Cape, who is representing himself, filed this action pursuant to 42 U.S.C. § 1983 against the San Jose Police Department ("SJPD") and San Jose Police Officers Timothy Minkel and Nathan Lynn, alleging violations of his civil rights during the course of a traffic stop. Dkt. No. 1. Defendants move pursuant to Rule 12(b)(6) to dismiss the complaint. Dkt. Nos. 15, 24. Mr. Cape opposes the motion. Dkt. No. 18. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b); Dkt. No. 29. Upon consideration of the moving and responding papers, the Court grants defendants' motion to dismiss in part and denies the motion in part, with limited leave to amend.[1]

**I.　BACKGROUND**

Mr. Cape's claims arise out of a traffic stop by Officers Minkel and Lynn on the evening of November 24, 2024. According to the complaint, the officers stopped Mr. Cape on the pretense that his car windows were illegally tinted, and then wrongfully claimed that Mr. Cape did not have his driver's license and failed to provide proof of insurance. The complaint states that Mr. Cape's

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 8, 14.

windows are indeed tinted but that the tint is not illegal. *See* Dkt. No. 1 at ECF 1, 2, 3. Additionally, Mr. Cape, who is a rideshare driver, says that he had his driver's license "on [him] the entire time," as well as proof of insurance, but could not find either the license or the proof of insurance, and was, in any event, not given sufficient time and/or prevented by the officers from providing that documentation to them. *See id*. at ECF 1, 5, 6. The officers gave Mr. Cape a traffic citation for violations of the California Vehicle Code for having illegally tinted windows (Cal. Vehicle Code § 26708.5(a)), not having his driver's license in his possession (Cal. Vehicle Code § 12951(a)), and for failure to provide proof of insurance (Cal. Vehicle Code § 16028(a)). *See id*. at ECF 8-9.

Mr. Cape claims that the traffic stop was a pretext for harassment, and that "the issue was not the window tint, the issue was that because [he] knew [his] rights and asserted them, [he] was punished." *Id*. at ECF 2. Mr. Cape alleges that the officers stopped him because of "the perception that [he is] Muslim," "discriminated against [him]" based on "race," detained him for a "prolonged" period "while claiming to be searching [his] record," "confiscated [his] personal property for absolutely no reason," and "sent [him] on a chase to reacquire [the property] through SJPD property management." *See id*. at ECF 3, 4, 5, 7.

Although the body of the complaint does not set out specific claims for relief, the caption of Mr. Cape's pleading indicates that he asserts claims under 42 U.S.C. § 1983 for "Harassment/Malicious Prosecution." *See id*. at ECF 1. In the body of the complaint, Mr. Cape asserts that he was "question[ed] after [he] invoked [his] 5th amendment right," references violation of his "4th amendment" rights, and says that he "was punished" for "asserting [his] Californian and Constitutional Rights." *Id*. at ECF 5, 6, 7. The complaint indicates that Mr. Cape was required to pay "$1300+ dollars," was "suspended for several days" pending an investigation, and that the incident had a "terrible" impact on his "reputation with the company [he] contract[s] with and [his] customers." *Id*. at ECF 3, 4, 7. The complaint seeks $50,000 "for emotional distress from the psychological harassment[.]" *Id*. at ECF 7.

Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint, arguing that a portion of Mr. Cape's claims are barred by *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), and that the complaint fails, in any event, to state facts supporting plausible claims for relief.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

While pro se pleadings are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chambers v. C. Herrera*, 78 F.4th 1100, 1108 (9th Cir. 2023), a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-CV-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

### A. Requests for Judicial Notice and Consideration of Other Evidence

The parties each ask the Court to consider materials outside the pleadings in resolving defendants' motion to dismiss. "Generally, district courts may not consider material outside the

3

pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id*.

### 1. Incorporation-by-Reference Doctrine

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*. Documents may be incorporated into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. (quotations and citation omitted). However, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Khoja*, 899 F.3d at 1002 (same).

Defendants ask the Court to consider the officers' body-worn camera ("BWC") videos of the traffic stop, asserting that the videos are incorporated by reference in the complaint. Dkt. No. 15 at ECF 3. Mr. Cape requests that the Court consider his own video of the events on the night in question. Dkt. No. 18 at ECF 1; Dkt. No. 19.[2] Mr. Cape's complaint makes a passing reference to the officers' BWC videos and purports to quote several remarks reportedly made by the officers during the encounter. *See* Dkt. No. 1 at ECF 4, 5. These references are not extensive. While the parties' respective videos may provide a basis for Mr. Cape's allegations about the officers' statements, it is readily apparent from the parties' arguments that they seek to use their videos to have the Court adopt their respective versions of disputed events. This is not a permissible use of the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1002. The parties' requests for consideration of their respective videos is denied.

---

[2] Mr. Cape does not state the basis for his request for the Court's consideration of his videos. As discussed here, the Court concludes that his videos cannot properly be the subject of judicial notice or considered under the incorporation-by-reference doctrine.

4

### 2. Judicial Notice

Federal Rule of Evidence 201 permits the Court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999 (same). Accordingly, a court may take judicial notice of matters of public record. *Khoja*, 899 F.3d at 999. "But a court cannot take judicial notice of disputed facts contained in such public records." *Id*.

Defendants request that the Court take judicial notice of the records of the subject traffic citation issued to Mr. Cape and the docket for the associated traffic case, No. 25TR001030. *See* Dkt. No. 15 at ECF 2-3; Dkt. No. 15-1 ¶ 10 & Ex. 3. Mr. Cape does not dispute the authenticity of those records. Nor does he dispute the disposition of the traffic citation, as reflected in those records. As discussed below, the documents presented by defendants are directly related to the analysis of their arguments concerning the *Heck* doctrine. The Court therefore grants defendants' request for judicial notice of Mr. Cape's traffic citation and the docket for the associated traffic case, solely for the purpose of noting the disposition of the charges.

Defendants also request that the Court take judicial notice of excerpts of the SJPD Duty Manual. Dkt. No. 25, Ex. A. Defendants seek judicial notice of those materials, not only to have the Court accept the truth of the matters asserted in those excerpts, but for the purpose of having the Court draw inferences and conclusions about disputed matters—namely, that under the particular circumstances presented, the defendant officers acted reasonably. *See* Dkt. No. 24 at ECF 6-7. Such use of extrinsic materials at the pleading stage is inappropriate. *See Khoja*, 899 F.3d at 1000 (improper to judicially notice materials when the substance of the materials "is subject to varying interpretations, and there is a reasonable dispute as to what [the material] establishes.") (quotations and citation omitted). Defendants' request for judicial notice of the SJPD Duty Manual excerpts is denied.

Judicial notice is also not an appropriate basis for the Court's consideration of Mr. Cape's videos, as Mr. Cape seeks to have the Court draw inferences and conclusions about disputed matters—namely, the reasonableness (or not) of the officers' conduct on the night in question—

1  and to adopt his version of events as alleged in the complaint. *See* Dkt. No. 18 at ECF 1. That is

2  not a permissible use or application judicial notice. To the extent Mr. Cape seeks judicial notice

3  of his videos, his request is denied.

### B. Mr. Cape's § 1983 Claims and the *Heck* Doctrine

Section 1983 "provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

To the extent Mr. Cape contests the propriety of the traffic stop or the traffic citation with respect to his window tint, defendants argue that his § 1983 claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages under § 1983 is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. If "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed[], in the absence of some other bar to the suit.[]" *Id*. (footnotes omitted).

Judicially noticeable facts in the records submitted by defendants show that the citation issued to Mr. Cape for illegally tinted windows (California Vehicle Code § 26708.5(a)) was disposed through "Bail Forfeiture," indicating that Mr. Cape paid the fine for that charge. *See* Cal. Vehicle Code § 40510.5. The California Vehicle Code provides that a forfeiture of bail is a conviction. *See* Cal. Veh. Code § 13103; *see also id*. § 40510.5(d). There is no allegation or indication that the bail forfeiture for the window tint citation has been reversed, expunged, or declared invalid in any of the ways discussed in *Heck*. *See Heck*, 512 U.S. at 486-87. As discussed above, the complaint indicates that Mr. Cape's § 1983 claims are based, at least in part, on his contention that his window tint is not illegal and there was no legitimate reason for the

6

1  traffic stop.  *See* Dkt. No. 1 at ECF 1-3.  A judgment in his favor would necessarily imply the

2  invalidity of his conviction under California Vehicle Code § 26708.5(a).  *See Heck*, 512 U.S. at

3  487.  Accordingly, Mr. Cape's § 1983 claims are barred by *Heck* to the extent any such claims are

4  based on the traffic stop or citation for illegally tinted windows.[3]  *See Langham v. Granzella*, No.

5  23-cv-02275-HSG, 2024 WL 1607048, at *2-*3 (N.D. Cal. Apr. 12, 2024) (applying *Heck* to

6  conviction arising out of traffic citation).  The Court grants defendants' motion to dismiss Mr.

7  Cape's § 1983 claims based on the traffic stop or the traffic citation with respect to his window

8  tint.

9        The remainder of this order addresses Mr. Cape's complaint to the extent it is based on the

10  traffic citations for not having his driver's license and for failure to provide proof of insurance.

11        **C.**      **Malicious Prosecution**

12        A plaintiff may bring a claim for malicious prosecution under 42 U.S.C. § 1983 "when a

13  malicious prosecution is conducted with the intent to deprive a person of equal protection of the

14  laws or is otherwise intended to subject a person to a denial of constitutional rights." *Usher v.*

15  *City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987) (quotations and citations omitted).  Such

16  claims may be brought against "persons who have wrongfully caused the charges to be filed."

17  *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).  To state a claim for malicious

18  prosecution under § 1983, Mr. Cape must state facts showing that "the defendants prosecuted

19  [him] with malice and without probable cause, and that they did so for the purpose of denying

20  [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68

21  F.3d 1180, 1189 (9th Cir. 1995).  *Id.*  Additionally, Mr. Cape must demonstrate that he obtained a

22  favorable termination of the underlying criminal charges, i.e., that the "prosecution ended without

23  a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022).  As Mr. Cape's complaint indicates

24  that he asserts a Fourth Amendment malicious prosecution claim, he must allege facts showing

25  "that a government official charged him without probable cause, leading to an unreasonable

---

[3] However, as noted below, to the extent Mr. Cape seeks to assert a claim for First Amendment retaliation based on his *expression* of beliefs or opinions regarding his window tint, such a claim would not appear to be barred by *Heck*.

seizure of his person." *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024).

Judicially noticeable facts from the records submitted by defendants indicate that Mr. Cape's traffic citations regarding his driver's license and proof of insurance were dismissed after he presented proof of correction, establishing that he has both a driver's license and insurance. *See* Dkt. No. 15-1, Ex. 3. Notwithstanding the dismissal of those charges, defendants maintain that Mr. Cape fails to state a claim for malicious prosecution under § 1983 because the complaint does not allege facts supporting an absence of probable cause, or an unlawful "seizure" under the Fourth Amendment.

For purposes of a Fourth Amendment malicious prosecution claim, defendants' arguments regarding a "seizure" appear to be limited to their assertion that Mr. Cape was never taken into custody. *See* Dkt. No. 15 at ECF 5. As it is well established that the Fourth Amendment's "protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest, *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *Terry v. Ohio*, 392 U.S. 1, 9, (1968)), the Court declines to dismiss Mr. Cape's malicious prosecution claim on that basis.

Nevertheless, the complaint does not allege facts suggesting that defendants lacked probable cause to cite Mr. Cape for not having his driver's license or proof of insurance. In California, a driver is required to "have the valid driver's license issued to him or her in his or her immediate possession at all times when driving a motor vehicle upon a highway." Cal. Vehicle Code § 12951(a). Additionally, a driver "shall present his or her license for examination upon demand of a peace officer enforcing the provisions of [the Vehicle Code]." *Id.* § 12951(b). Similarly, "every person who drives a motor vehicle upon a highway shall provide evidence of financial responsibility for the vehicle that is in effect at the time the demand is made." Cal. Vehicle Code § 16028(a). The complaint does not allege that Mr. Cape presented his driver's license or proof of insurance to the defendant officers; rather, the complaint alleges that Mr. Cape was unable to find that documentation. *See* Dkt. No. 1 at ECF 3, 5. For purposes of a malicious prosecution claim, these facts are insufficient to establish that the defendant officers lacked probable cause to issue citations for violations of California Vehicle Code §§ 12951 and 16028.

Accordingly, the Court grants defendants' motion to dismiss Mr. Cape's § 1983 Fourth

1  Amendment malicious prosecution claim.

### D. Harassment

Mr. Cape's complaint indicates that he asserts a § 1983 claim for "Harassment." *See* Dkt. No. 1. However, § 1983 "is not itself a source of substantive rights," but merely is a method for vindicating federal rights elsewhere conferred. *See Baker v. McCollan*, 443 U.S. 137, 143 n.3 (1979). Defendants correctly note that there is no basis under § 1983 for a claim against general "harassment." To the extent Mr. Cape's complaint cites various alleged misdeeds, untethered from any particular constitutional right—e.g., "[b]eing lied to and manipulated to feel as if I was a dangerous criminal," and general "harassment and intimidation"—defendants' motion to dismiss is granted.

The Court otherwise evaluates Mr. Cape's "harassment" claim through the lens of the various constitutional amendments referenced or alluded to in his pleading.

#### 1. Fourth Amendment

Assuming the November 24, 2024 traffic stop was justified at its inception to the extent it was based on illegally tinted windows, Mr. Cape alleges that after he was unable to find his driver's license and proof of insurance, officers unreasonably required him to get out of his car, searched him, seized certain (unidentified) personal property, and conducted a prolonged records check. *See* Dkt. No. 1 at ECF 4, 5.

"A seizure for a traffic violation justifies a police investigation of that violation." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). "To be lawful, a traffic stop must be limited in its scope: an officer may 'address the traffic violation that warranted the stop,' make 'ordinary inquiries incident to the traffic stop,' and 'attend to related safety concerns.'" *United States v. Taylor*, 60 F.4th 1233, 1239 (9th Cir. 2023) (quoting *Rodriguez*, 575 U.S. at 354-55). "The stop may last 'no longer than is necessary to effectuate' these purposes and complete the traffic 'mission' safely." *Id.* (quoting *Rodriguez*, 575 U.S. at 354-55). "Beyond determining whether to issue a traffic ticket, an officer's mission includes ordinary inquiries incident to the traffic stop," typically involving "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of

insurance." *Rodriguez*, 575 U.S. at 355.

Although Mr. Cape's complaint does not state how long the traffic stop lasted, in their briefing, the parties appear to agree that the stop lasted about 25 minutes. *See* Dkt. No. 18 at ECF 5; Dkt. No. 24 at ECF 8. When weighed against considerations of officer safety during a traffic stop, an order to exit the vehicle "can only be described as *de minimis*." *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977). Additionally, "because a criminal history check 'stems from the mission of the stop itself,' it is a 'negligibly burdensome precaution[ ]' necessary 'to complete [the stop] safely.'" *United States v. Hylton*, 30 F.4th 842, 848 (9th Cir. 2022) (quoting *Rodriguez*, 575 U.S. at 356). Thus, "conducting a criminal records check in connection with a traffic stop is objectively reasonable." *Taylor*, 60 F.4th at 1241. Defendants maintain that, absent allegations that the officers failed to act diligently, the 25 minutes (or so) that the stop lasted *is* the reasonable duration of the stop. *See* Dkt. No. 24 at ECF 8. Mr. Cape, on the other hand, argues that the entire encounter should have taken about 10 minutes. *See* Dkt. No. 18 at ECF 3-4.

Even a seizure "that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes on interests protected by the Constitution." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). The question of whether a stop is unconstitutionally prolonged is a fact-specific inquiry that depends on the circumstances of the particular case, ultimately depending on the time reasonably required to complete the stop's "mission." *See Rodriguez*, 575 U.S. at 357; *see, e.g., United States v. Daniels*, No. 3:24-cr-00035-JSC-1, 2024 WL 4528908 (N.D. Cal. Oct. 18, 2024) (traffic stop not unreasonably prolonged by several database searches that were objectively reasonable under the circumstances); *United States v. Miyahara*, No. 23-cr-00169-BLF-1, 2024 WL 2839842, at *5 (N.D. Cal. May 10, 2024) (traffic stop unconstitutionally prolonged by confirmation of probation search that was not part of the traffic stop's mission). On a Rule 12(b)(6) motion, the Court is required to liberally construe Mr. Cape's complaint, take material allegations as true, and view those allegations in a light most favorable to Mr. Cape. Viewing Mr. Cape's complaint through that lens, he alleges that he was not given sufficient time to comply with the request to provide his driver's license and proof of insurance before officers required him to get out of his car to be searched, and that the records

1  check was unduly prolonged on a pretense that he had "priors for resisting arrest."  *See* Dkt. No. 1
2  at ECF 3-4.  These allegations are thin, and it remains to be seen whether Mr. Cape may prevail on
3  his claim for a Fourth Amendment violation and whether his allegations are well-supported.
4  Nevertheless, considering the totality of circumstances, and viewing Mr. Cape's allegations as a
5  whole, the Court does not find, as a matter of law, that the complaint fails to state a claim for
6  violation of the Fourth Amendment.

Accordingly, defendants' motion to dismiss Mr. Cape's § 1983 claim based on the Fourth Amendment is denied.

### 2. Fifth Amendment

Mr. Cape's complaint alleges that officers violated his Fifth Amendment rights by continuing to question him during the traffic stop, even though he "clearly stated that [he] did not want to answer any questions without a lawyer . . .."  Dkt. No. 1 at ECF 3.  Citing *Edwards v. Arizona*, 451 U.S. 477 (1981), the complaint asserts that "after invoking the right to counsel all questioning must stop."  *Id.*  However, *Edwards* concerned a defendant who invoked his right to have counsel present during a *custodial* interrogation.  While a traffic stop "significantly curtails the 'freedom of action' of the driver and the passengers, if any, of the detained vehicle," such stops ordinarily are considered non-custodial for purposes of *Miranda*.[4]  *See Berkemer v. McCarty*, 468 U.S. 420, 436-37, 440 (1984) (roadside questioning of motorist in routine traffic stop did not constitute custodial interrogation that required a *Miranda* warning).  The complaint alleges no facts plausibly suggesting that Mr. Cape was "in custody" at any point during the stop in question.  Defendants' motion to dismiss Mr. Cape's § 1983 claim for violation of his Fifth Amendment rights is granted.

### 3. First Amendment

Although the First Amendment is not specifically referenced or invoked in the complaint, Mr. Cape's allegations, liberally construed, suggest that he claims defendants retaliated against him for engaging in protected speech.  *See* Dkt. No. 1 at ECF 2 ("The officer simply wanted to

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

11

punish me for asserting my rights. . . . [T]he issue was that because I knew my rights and asserted them, I was punished"), ECF 4 ("I did absolutely nothing wrong by seeking to clarify exactly why I was being stopped"), ECF 6 ("I was absolutely punished with psychological harassment for asserting my Californian and Constitutional Rights."). For present purposes, defendants do not appear to contest that the expression of beliefs or opinions that the stop was unlawful is speech protected by the First Amendment.[5] However, defendants argue that a claim for First Amendment retaliation fails because the complaint does not allege facts showing the absence of probable cause or the causation required to establish a plausible claim for relief. The Court agrees.

As a general matter, the law is settled that "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). A plaintiff claiming First Amendment retaliation must establish facts showing that (1) he was engaged in a constitutionally protected activity; (2) the defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor in the defendants' conduct. *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (citations omitted). The absence of probable cause "must be pleaded and proven," *Hartman*, 547 U.S. at 265-66, and "a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury,'" *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman*, 547 U.S. at 259). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury." *Nieves*, 587 U.S. at 398. "Specifically," a plaintiff must show that a retaliatory motive was the "'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id*. at 399; *Hartman*, 547 U.S. at 260 ("If there is a

---

[5] To the extent that any such speech included beliefs or opinions regarding the lawfulness of the stop or the traffic citation based on Mr. Cape's window tint, on this record the Court is not prepared to find that a First Amendment retaliation claim is barred by *Heck*. Indeed, defendants to not argue or contend otherwise. The viability of a First Amendment retaliation claim based on any such statements would not appear to depend on whether the expressed views actually were correct, and would therefore not *necessarily* implicate the validity of Mr. Cape's conviction on the window tint charge. *Heck*, 512 U.S. at 487.

12

finding that retaliation was not the but-for cause of the [adverse action], the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind."); *see also Boquist v. Courtney*, 32 F.4th 764, 778 (9th Cir. 2022) (describing "but-for" test in First Amendment retaliation context).

While Mr. Cape's complaint alleges that the officers punished him for asserting his rights (*see* Dkt. No. 1 at ECF 2, 4, 6), Mr. Cape must do more than offer labels and conclusions or formulaic recitations of the elements of the claim. *See Iqbal*, 556 U.S. at 678 (pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). For the reasons discussed above, the complaint does not allege facts showing that the officers lacked probable cause to conduct an investigation and issue traffic citations for violation of California Vehicle Code §§ 12951(a) and 16028(a). Nor does the complaint allege sufficient facts demonstrating, or from which it may reasonably be inferred, that officers would not have undertaken the alleged unlawful acts but for Mr. Cape's speech. Defendants' motion to dismiss regarding a § 1983 claim for First Amendment retaliation is granted.

### E. *Monell* Claim

To the extent Mr. Cape seeks to hold SJPD liable for constitutional violations, the Court agrees that his complaint fails to state a plausible claim for *Monell* liability.

Municipalities may not be held vicariously liable for the unconstitutional acts of their employees under the theory of respondeat superior, *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978), and "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights," *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). To state a claim for *Monell* liability, Mr. Cape must allege facts showing that (1) he possessed a constitutional right of which he was deprived; (2) SJPD had a policy; (3) the policy amounts to deliberate indifference to Mr. Cape's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Id*. (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)). "In

order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere formulaic recitations of the existence of unlawful policies, customs, or habits." *Johnson v. City of San Jose*, 591 F. Supp. 3d 649, 668 (N.D. Cal. 2022) (quotations and citation omitted).

Mr. Cape alleges, in highly conclusory fashion, that the "San Jose Policing Agency has a long history of being publicly labeled as racist/prejudice[d] and to have been harassing ethnic people, namely people they perceive to be Muslim." Dkt. No. 1 at ECF 6. While Mr. Cape further alleges that he has been stopped "for the perception that [he is] Muslim" and has "experienced this type of discrimination from police in this state before" (*id.*), the complaint alleges no facts supporting the elements of a *Monell* claim, much less any facts tying the defendant officers' alleged conduct to any alleged unconstitutional policy or custom. The Court grants defendants' motion to dismiss the complaint for failure to state a *Monell* claim.

### F. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely granted when justice so requires," and "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotations and citation omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As Mr. Cape's § 1983 claims are barred by *Heck* to the extent they challenge the propriety of the traffic stop or the traffic citation with respect to his window tint, the Court finds no basis to conclude that those claims may be cured by amendment and that amendment would be futile. Accordingly, those claims are dismissed without leave to amend.

While the Court questions whether Mr. Cape will be able to state facts on amendment that may cure the other pleading defects discussed above, in view of Mr. Cape's self-represented

status, he is given leave to amend his § 1983 claims to the extent they are based on alleged violations of his First and Fifth Amendment rights and the traffic citations for violations of California Vehicle Code § 12951(a) and § 16028(a). He is also given leave to amend to state a claim for § 1983 Fourth Amendment malicious prosecution, and a claim based on *Monell* liability. Mr. Cape may not add new claims or parties absent leave of Court.

## IV. CONCLUSION

Based on the foregoing, defendants' motion to dismiss Mr. Cape's complaint is granted in part and denied in part, with limited leave to amend consistent with the rulings above. The amended complaint must be filed by **August 22, 2025**. It should be titled "First Amended Complaint" and must include the caption and civil case number used in this order, Case No. 25-cv-00740-VKD. If Mr. Cape chooses not to amend his complaint, he shall so advise the Court by **August 22, 2025**, and in that event, this action will be limited to Mr. Cape's § 1983 claim based solely on an alleged violation of the Fourth Amendment.

**IT IS SO ORDERED.**

Dated: August 1, 2025

Virginia K. DeMarchi
United States Magistrate Judge

15