UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN CAPE,<br><br>    Plaintiff,<br><br>v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 25-cv-00740-VKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND TO COMPLY WITH COURT ORDER**<br><br>Re: Dkt. No. 36 |

Defendants move to dismiss this action with prejudice for failure to prosecute and to comply with the Court's August 1, 2025 order (Dkt. No. 34). Dkt. No. 36. Although plaintiff Justin Cape was given notice of the motion and an opportunity to respond, the Court received no opposition or other response to defendants' motion. The matter was deemed suitable for determination without oral argument. Civil L.R. 7-1(b); Dkt. No. 37. Upon consideration of the moving papers and the record before the Court, the Court grants defendants' motion to dismiss this action; however, the action is dismissed without prejudice.[1]

**I.  BACKGROUND**

Mr. Cape, who is representing himself, filed this action pursuant to 42 U.S.C. § 1983 against the San Jose Police Department ("SJPD") and San Jose Police Officers Timothy Minkel and Nathan Lynn, alleging violations of his civil rights during the course of a traffic stop. Dkt. No. 1. On August 1, 2025, the Court granted in part and denied in part defendants' Rule 12(b)(6) motion to dismiss the complaint. Dkt. No. 34. Defendants' motion to dismiss was denied with

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 8, 14.

respect to Mr. Cape's § 1983 claim based on the alleged violation of his Fourth Amendment rights against unlawful search and/or seizure. To the extent Mr. Cape's § 1983 claims challenged the propriety of the traffic stop or the traffic citation with respect to his vehicle window tint, the Court concluded that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The remainder of Mr. Cape's claims—based on alleged violations of his First and Fifth Amendment rights, Fourth Amendment malicious prosecution, and *Monell*[2] liability—were dismissed with leave to amend. *See id*. The Court set an August 22, 2025 deadline for Mr. Cape to file an amended complaint. If Mr. Cape chose not to amend his complaint, he was ordered to so advise the Court by August 22, 2025, in which case, the action would "be limited to Mr. Cape's § 1983 claim based solely on an alleged violation of the Fourth Amendment." *Id*. at 15.

Thereafter, the parties participated in a settlement conference on August 6, 2025. *See* Dkt. No. 35. The case did not settle. *Id*. Mr. Cape did not file an amended complaint by the August 22, 2025 deadline. Nor did he file anything advising whether he intended to proceed on what remains of his original complaint, as ordered by the Court. *See generally Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("When a district court dismisses an action because the plaintiff has not filed an amended complaint after being given leave to do so and has not notified the court of his intention not to file an amended complaint, we may deem the dismissal to be for failure to comply with a court order based on Federal Rule of Civil Procedure 41(b).").

According to defendants' pending motion to dismiss, Mr. Cape has also stopped participating in the litigation. Defendants state that on August 8, 2025, they served responses and prepared a document production in response to Mr. Cape's document requests. Defendants assert that their efforts to produce the documents were hampered when Mr. Cape did not provide a signed agreement to be bound by the parties' stipulated protective order (Dkt. No. 33). Additionally, defendants state that Mr. Cape did not respond to several emails sent by their counsel on August 8, 2025 and August 18, 2025 regarding the pending document production. *See* Dkt. No. 36-1 ¶¶ 3-5. Before filing the present motion to dismiss on September 5, 2025, defense

---

[2] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)

1  counsel states that he called Mr. Cape to inquire how he intends to proceed in this action;
2  however, the "call was sent straight to a voicemail box that had not been set up and would not
3  permit leaving a message." *Id*. ¶ 6. Counsel further avers that he also sent an email to Mr. Cape
4  that same day requesting a return call. *Id*. ¶ 7. Counsel says that he also placed another call to Mr.
5  Cape later that day to inform him that defendants intended to file their present motion to dismiss
6  this action. *Id*. ¶ 8. However, the phone call "was again sent straight to a voicemail box that had
7  not been set up and would not receive messages." *Id*.

As noted above, the record reflects that Mr. Cape, who is an e-filer, received electronic notice of defendants' pending motion to dismiss through the CM/ECF system. *See* Dkt. No. 36. Although Mr. Cape had ample opportunity to respond, the Court received no opposition or other response from him. Nor did it receive any request for an extension of time, and the September 19, 2025 filing deadline has passed.

## II.  DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court possesses the inherent power to dismiss an action "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962). Dismissal nonetheless is a harsh penalty and should be used only in extreme circumstances. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 n.4 (9th Cir. 1999); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990 (quotations and citation omitted). Dismissal is appropriate where at least four factors support dismissal or where at least three factors strongly support dismissal. *Id*.

While the public policy favoring disposition of cases on their merits weighs against

3

United States District Court
Northern District of California

1  dismissal, *see Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), the remaining four factors
2  favor dismissal of this action.  First, "the public's interest in expeditious resolution of litigation
3  always favors dismissal." *Yourish*, 191 F.3d at 990; *see also Pagtalunan*, 291 F.3d at 642 (same).
4  In view of Mr. Cape's failure to advise whether he intends to proceed in this litigation without
5  amending his complaint, or to otherwise prosecute this matter, this factor weighs in favor of
6  dismissal.  Second, dismissal also serves the Court's need to manage its docket.  *See Pagtalunan*,
7  291 F.3d at 642 ("It is incumbent" upon courts "to manage [their] docket[s] without being subject
8  to routine noncompliance" of litigants.) (citing *Ferdik*, 963 F.2d at 1261).  Mr. Cape's failure to
9  comply with the Court's August 1, 2025 order and advise whether he intended to proceed in the
10 litigation without amending his complaint, his non-responsiveness to defendants' communications
11 regarding discovery, and his failure to indicate whether he intends to proceed at all in this
12 litigation, have stalled these proceedings.

13       Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's
14 ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Id*.
15 (internal quotations and citation omitted).  This factor may be neutral, insofar as there is no
16 indication that defendants have been prejudiced with respect to their defense of this action.  But
17 while "the pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant
18 dismissal," the risk of prejudice is also related to the plaintiff's reason for defaulting.  *Yourish*, 191
19 F.3d at 991; *Pagtalunan*, 291 F.3d at 642-43 (same).  Despite being given ample opportunity to do
20 so, Mr. Cape has provided no explanation for his failure to pursue this matter or to comply with
21 the Court's August 1, 2025 order.  His failure to offer any explanation weighs in favor of
22 dismissal.  *See, e.g., Chico v. Wells Fargo Bank*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2
23 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the
24 failure to prosecute "counsels in favor of dismissal.").  *Cf. Laurino v. Syringa Gen. Hosp.*, 279
25 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a
26 plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous
27 explanation).

28       Fourth, Mr. Cape was electronically served with defendants' pending motion, and thus was

4

on notice that they seek to dismiss this action with prejudice. Having been through a round of briefing on defendants' prior motion to dismiss, Mr. Cape surely was aware that the failure to respond to the presently pending motion could result in the dismissal of this action. Yet the Court has received no response from Mr. Cape or any indication that he intends to proceed in this litigation. The efficacy of alternate sanctions, such as monetary sanctions, is doubtful, particularly as Mr. Cape is proceeding in forma pauperis. Moreover, "[t]here is no opportunity to resolve the action on the merits or to apply other sanctions (short of dismissal) if the action is simply not being pursued." *Wescott v. Google, LLC*, No. 24-cv-01513-PHK, 2025 WL 1580241, at *3 (N.D. Cal. Feb. 4, 2025), *report and recommendation adopted*, No. 24-cv-01513-CRB, 2025 WL 1582140 (N.D. Cal. Feb. 20, 2025). While defendants request dismissal with prejudice, in the circumstances presented, the Court finds that dismissal *without* prejudice is appropriate. *See id.* (dismissing case for failure to prosecute without prejudice); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("[D]ismissal without prejudice is a more easily justified sanction for failure to prosecute.").

## III.   CONCLUSION

Based on the foregoing, the Court grants defendants' motion to dismiss this action for failure to prosecute and to comply with the Court's August 1, 2025 order. However, this action is dismissed without prejudice. The Clerk shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: October 15, 2025

Virginia K. DeMarchi
United States Magistrate Judge